Marcus N. DiBuduo, Bar No. 258684
Jared C. Marshall, Bar No. 272065
Matthew Maler, Bar No. 343580
**FENNEMORE DOWLING AARON**
8080 N Palm Avenue
Third Floor
Fresno, California 93711
Tel: (559) 432-4500 / Fax: (559) 432-4590
mdibuduo@fennemorelaw.com
jmarshall@fennemorelaw.com
mmaler@fennemorelaw.com

Attorneys for Plaintiff
San Joaquin Wine Company, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| San Joaquin Wine Company, Inc., a California corporation,<br><br>   Plaintiff,<br><br>v.<br><br>Saint Joaquin LLC, a California limited liability company, d.b.a. Saint Joaquin Wine Bar; Haley Islas-Wolf, an individual, and Josh Islas, an individual,<br><br>   Defendants. | Case No.<br><br>**SAN JOAQUIN WINE COMPANY, INC.'S COMPLAINT FOR:**<br><br>**1. Federal Trademark Infringement (15 U.S.C. § 1114)**<br><br>**2. Common Law Trademark Infringement**<br><br>**3. Federal Unfair Competition (15 U.S.C. § 1125)**<br><br>**4. California Unfair Competition (Cal. Business & Professions Code §§ 17200 et. seq.)**<br><br>**5. California Tradename Infringement (Cal. Business & Professions Code §§ 14402, 14415)** |

Plaintiff SAN JOAQUIN WINE COMPANY, LLC submits the following Complaint against Defendants SAINT JOAQUIN LLC, a California limited liability company, d.b.a. SAINT JOAQUIN WINE BAR; HALEY ISLAS-WOLF, an individual, and JOSH ISLAS, an individual.

//

## JURISDICTION

1. This court has original jurisdiction because this action arises under the Federal Trademark Act of 1946, 15 U.S.C. Section 1051 et seq., and in particular sections 1114 and 1125.

2. Furthermore, this court has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

3. Venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because (1) Defendant has its principal place of business in this District and (2) a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

4. Plaintiff, San Joaquin Wine Company, Inc., is a corporation organized and existing under the laws of the State of California, with its principal place of business in the State of California, County of Madera.

5. Defendant Saint Joaquin LLC is a limited liability company organized and existing under the laws of the State of California, with its principal place of business in the State of California, County of Fresno. All of Saint Joaquin LLC's members personally reside in the State of California, County of Fresno.

6. Defendant Haley Islas-Wolf is an individual residing in the State of California, County of Fresno.

7. Defendant Josh Islas is an individual residing in the State of California, County of Fresno.

8. Plaintiff is informed and believes, and thereon alleges, that each Defendant is in some manner responsible for the wrongs and damages as alleged below, and in so acting was functioning as the agent, servant, partner and/or employee of the other Co-Defendants, and in doing the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner and/or employee with the permission and consent of the Co-Defendants and/or their conduct was subsequently ratified by their Co-Defendants who were acting as

principal(s), partner(s), and/or employer(s).

9. Alternatively, to the extent that Defendants, and/or each of them, were acting as principal(s), partner(s), and/or employer(s) of their Co-Defendant(s), and claim that their Co-Defendant(s) was/were acting outside of the scope of their agency, partnership, and/or employment, their failure to act, sanction, reprimand, fire and/or otherwise repudiate the conduct of their Co-Defendant(s) after knowledge of the facts, effectively ratified and adopted the inappropriate conduct, such that they are therefore equally responsible for the acts of their Co-Defendant(s).

## SAN JOAQUIN WINE'S MARKS

10. Plaintiff, San Joaquin Wine Company, Inc. ("San Joaquin Wine"), started as a small batch winery in 2005 in California's Central Valley, where it produced the highest-quality wines from local grape varieties with sustainable winegrowing practices.

11. On June 8, 2006, San Joaquin Wine Company, Inc. filed Articles of Incorporation with the California Secretary of State under the name of San Joaquin Wine Company, Inc.

12. Since 2006, San Joaquin Wine's business has grown exponentially. Now, San Joaquin Wine sells over 30,000 cases of wine per year nationally and internationally and operates a tasting room for customers in Madera County, next to Fresno County, which hosts events such as weddings and concerts.

13. San Joaquin Wine's wines have received significant local and national recognition, even receiving gold and silver medals from the San Francisco Chronicle Wine Competition.

14. San Joaquin Wine sells wine and hosts wine tastings and events under the marks and names "San Joaquin Wine Company," "San Joaquin Winery," and "San Joaquin Wine" (collectively, the "Marks"), which San Joaquin Wine has used in geographic areas of Fresno and Madera County, which share a border, since 2005. San Joaquin Wine also owns supplemental U.S. Registration No. 4,915,582 for the typed word mark "San Joaquin Wine Company," which has been registered since March 8, 2016.

15. San Joaquin Wine prominently uses and promotes these Marks via advertising, sales, and in various other ways. These Marks are well known, especially in the geographical area of the counties of Madera and Fresno, where both Defendant, Saint Joaquin LLC, and Plaintiff, San

Joaquin Wine, operate. The Marks represent considerable goodwill and value to San Joaquin Wine.

**SAINT JOAQUIN WINE'S INFRINGEMENT**

16. San Joaquin Wine is informed and believes, and thereon alleges, that on or around November 18, 2020, an individual, whom San Joaquin Wine believes to be either Haley Islas-Wolf or Josh Wolf, registered a website with the following domain name: saintjoaquin.com.

17. San Joaquin Wine is informed and believes, and thereon alleges, that this domain is still held by an individual, either Haley Islas-Wolf or Josh Wolf, based on information from the website registration data lookup tool, ICANN.

18. San Joaquin Wine is informed and believes, and thereon alleges, that Haley Islas-Wolf and Josh Wolf are the sole members of Saint Joaquin LLC, and that there is an indistinguishable and indivisible unity of interest and ownership between Saint Joaquin LLC, on the one hand, and Haley Islas-Wolf and Josh Wolf, on the other hand, such that the separate personalities of the former and the latter no longer exist.

19. In or around August 2021, Defendant, Saint Joaquin LLC, opened a small business in downtown Fresno called Saint Joaquin Wine Bar ("Saint Joaquin Wine"), which is also sometimes called "St. Joaquin."

20. The business's website is found at saintjoaquin.com.

21. Saint Joaquin Wine was featured on a local news segment on August 10, 2021.[1]

22. On or about November 5, 2021, three months after Saint Joaquin Wine opened, San Joaquin Wine received a call from a customer of Saint Joaquin Wine. As is customary, San Joaquin Wine was hosting a concert, for which tickets were sold online. The customer complained that she was charged twice, but not refunded, for purchase of a concert ticket for the concert hosted at and by San Joaquin Wine. In reality, she had purchased a concert ticket for $30 from San Joaquin Wine, and had made an unrelated $30 purchase from Saint Joaquin Wine. Confused, she thought San Joaquin Wine had charged her twice for the same transaction.

23. San Joaquin Wine has also received several calls from confused customers asking

---

[1] As of the date of filing, the news segment can be found online at https://abc30.com/st-joaquin-wine-bar-fresno-winery/10942982/

1   to clarify if it is located in downtown Fresno or in Madera, California. Saint Joaquin Wine is located in downtown Fresno. San Joaquin Wine is located in Madera.

24. San Joaquin Wine has also received calls from confused customers asking if Saint Joaquin Wine is a second location for San Joaquin Wine.

25. In response, San Joaquin Wine's counsel sent Saint Joaquin Wine a cease and desist letter on February 18, 2022, explaining Saint Joaquin Wine's infringing uses and requesting that Saint Joaquin Wine change its name.

26. Though San Joaquin Wine discussed possible compromises with Saint Joaquin Wine in the following months, San Joaquin Wine was ultimately unable to secure a reasonable compromise due to Defendants' refusal to communicate.

27. San Joaquin Wine's counsel sent a final letter on May 13, 2022 explaining San Joaquin Wine's position, Saint Joaquin Wine's willful and intentional infringement, and warning of the instant lawsuit should Saint Joaquin Wine fail to change its name. Having received no response from Saint Joaquin Wine, San Joaquin Wine filed the instant lawsuit.

### FIRST CLAIM FOR RELIEF

**(Federal Trademark Infringement, 15 U.S.C. § 1114 – Against All Defendants)**

28. Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 27, as though fully set forth herein.

29. San Joaquin Wine is the owner of the Marks, which are valid and protectable.

30. San Joaquin Wine has not abandoned these Marks since their first use and continues to use these Marks. San Joaquin Wine has duly registered at least one Mark with the United States Patent and Trademark Office (the "USPTO") and this registration remains current.

31. Defendants, in using the label "Saint Joaquin," have employed a colorable imitation of San Joaquin Wine's Marks in connection with the sale, offering for sale, distribution, and advertising of goods and services that are nearly identical to San Joaquin Wine's sale, offering for sale, distribution, and advertising of goods and services.

32. Defendants have knowingly and willingly perpetrated the infringing use of the "Saint Joaquin" label despite receipt of San Joaquin Wine's February 18, 2022, cease and desist

1  letter.

2  33.  Defendants' actions have caused and continue to cause a likelihood of confusion, mistake, and deception among consumers as to the source, sponsorship, affiliation or connection in the minds of the public. Furthermore, San Joaquin Wine has no control over Defendants' conduct, including the quality goods and services, promoted under San Joaquin Wine's Marks

34.  San Joaquin Wine is informed and believes, and thereon alleges, that Haley Islas-Wolf and Josh Wolf are the sole members of Saint Joaquin LLC, and that there is an indistinguishable and indivisible unity of interest and ownership between Saint Joaquin LLC, on the one hand, and Haley Islas-Wolf and Josh Wolf, on the other hand, such that the separate personalities of the former and the latter no longer exist.

35.  Furthermore, San Joaquin Wine is informed and believes, and thereon alleges, that if the conduct of Saint Joaquin LLC is treated as only the entity's own, an inequitable result will follow because the individual defendants will be free to, and not deterred from, repeating this same course of conduct.

36.  San Joaquin Wine is without an adequate remedy at law due to the likelihood that Defendants' conduct will cause confusion, mistake, and/or deception as to the source, origin, affiliation, or sponsorship of the goods and services promoted under San Joaquin Wine's Marks. San Joaquin Wine will thus sustain irreparable damages unless an injunction is issued enjoining Defendants from present and future infringement of San Joaquin Wine's Marks. Furthermore, as a direct and proximate result of Defendants' activities, San Joaquin Wine has been damaged in an amount presently unascertainable but to be determined at the time of trial.

## SECOND CLAIM FOR RELIEF

**(Common Law Trademark Infringement – Against All Defendants)**

37.  Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 27 and 29 through 36, as though fully set forth herein.

38.  San Joaquin Wine is the owner of the Marks, which are valid and protectable, and has utilized these Marks since 2005. San Joaquin Wine has made a substantial investment of time, effort and money into creating and sustaining the renown of the Marks.

39. Defendants, in using the label "Saint Joaquin," have employed a colorable imitation of San Joaquin Wine's Marks in connection with the sale, offering for sale, distribution, and advertising of goods and services that are nearly identical to San Joaquin Wine's sale, offering for sale, distribution, and advertising of goods and services. Defendants have done so with relatively little investment of time or cost.

40. Defendants' actions have caused and continue to cause a likelihood of confusion, mistake, and deception among consumers as to the source, sponsorship, affiliation or connection in the minds of the public.

41. San Joaquin Wine is informed and believes, and thereon alleges, that Haley Islas-Wolf and Josh Wolf are the sole members of Saint Joaquin LLC, and that there is an indistinguishable and indivisible unity of interest and ownership between Saint Joaquin LLC, on the one hand, and Haley Islas-Wolf and Josh Wolf, on the other hand, such that the separate personalities of the former and the latter no longer exist.

42. Furthermore, San Joaquin Wine is informed and believes, and thereon alleges, that if the conduct of Saint Joaquin LLC is treated as only the entity's own, an inequitable result will follow because the individual defendants will be free to, and not deterred from, repeating this same course of conduct. San Joaquin Wine has no control over Defendants' conduct, including the quality goods and services, promoted under San Joaquin Wine's Marks.

43. By reason of the foregoing, San Joaquin Wine has been injured in an amount to be proven at trial. Furthermore, Defendants' infringement on San Joaquin Wine's Marks has and will continue to cause San Joaquin Wine to suffer irreparable harm, leaving San Joaquin Wine with no adequate remedy at law. San Joaquin Wine is therefore entitled to an injunction enjoining Defendants from acts of infringement on San Joaquin Wine's Marks.

### THIRD CLAIM FOR RELIEF

**(Federal Unfair Competition, 15 U.S.C. § 1125 – Against All Defendants)**

44. Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 27, 29 through 36, and 38 through 43, as though fully set forth herein.

45. San Joaquin Wine is the owner of the Marks and, through San Joaquin Wine's

continual use and promotion of the Marks, has established these Marks as synonymous with San Joaquin Wine's goods and services.

46. Defendants have used and continues to use the label "Saint Joaquin" in connection with goods and services substantially similar to those goods and services offered by San Joaquin Wine.

47. Defendants' conduct is likely to cause, and has caused, confusion, mistake, and/or deception as to the affiliation, connection, or association, and the origin, sponsorship, and approval of goods, services, and commercial activities between San Joaquin Wine and Saint Joaquin Wine.

48. Defendants' conduct has caused, and, unless enjoined by this Court, will continue to cause, irreparable injury and other harm to San Joaquin Wine's business, reputation, and goodwill in its Marks.

49. Defendants have engaged in these activities intentionally and willfully despite knowing of San Joaquin Wine's claims to these Marks.

50. Furthermore Defendants have, in bad faith, intended to profit from San Joaquin Wine's Marks.

51. Furthermore, an individual, either Haley Islas-Wolf or Josh Islas, registered, and continues to hold, a domain name that is confusingly similar to San Joaquin Wine's protected Marks under 15 U.S.C. § 1125(d).

52. San Joaquin Wine is informed and believes, and thereon alleges, that Haley Islas-Wolf and Josh Wolf are the sole members of Saint Joaquin LLC, and that there is an indistinguishable and indivisible unity of interest and ownership between Saint Joaquin LLC, on the one hand, and Haley Islas-Wolf and Josh Wolf, on the other hand, such that the separate personalities of the former and the latter no longer exist.

53. Furthermore, San Joaquin Wine is informed and believes, and thereon alleges, that if the conduct of Saint Joaquin LLC is treated as only the entity's own, an inequitable result will follow because the individual defendants will be free to, and not deterred from, repeating this same course of conduct.

54. Therefore, San Joaquin Wine has no adequate remedy at law and is entitled to injunctive relief against Defendants, including forfeiture and cancellation of Defendants' domain name. San Joaquin Wine, as a direct and proximate result of Defendants' activities, has been damaged in an amount presently unascertainable but to be determined at the time of trial. Thus, San Joaquin Wine requests further damages for harms caused by Defendants' conduct.

### FOURTH CLAIM FOR RELIEF

**(California Unfair Competition, Cal. Business & Professions Code §§ 17200 *et. seq.* – Against All Defendants)**

55. Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 27, 29 through 36, 38 through 43, and 45 through 54, as though fully set forth herein.

56. San Joaquin Wine is the owner of the Marks and, through San Joaquin Wine's continual use and promotion of the Marks, has established these Marks as synonymous with San Joaquin Wine's goods and services.

57. Defendants' conduct is likely to cause, and has caused, confusion, mistake, and/or deception as to the affiliation, connection, or association, and the origin, sponsorship, and approval of goods, services, and commercial activities between San Joaquin Wine and Saint Joaquin Wine. Defendants' conduct further constitutes an unfair, unlawful, and/or fraudulent business practice because Defendants are employing a colorable imitation of San Joaquin Wine's Marks in the same geographic region for profit.

58. Furthermore, despite Defendants' knowledge of its infringement upon San Joaquin Wine's Marks, Defendants have, willfully and consciously, continued to perpetrate these unfair, unlawful, confusing, deceptive, and/or fraudulent business practices.

59. San Joaquin Wine is informed and believes, and thereon alleges, that Haley Islas-Wolf and Josh Wolf are the sole members of Saint Joaquin LLC, and that there is an indistinguishable and indivisible unity of interest and ownership between Saint Joaquin LLC, on the one hand, and Haley Islas-Wolf and Josh Wolf, on the other hand, such that the separate personalities of the former and the latter no longer exist.

60. Furthermore, San Joaquin Wine is informed and believes, and thereon alleges, that

if the conduct of Saint Joaquin LLC is treated as only the entity's own, an inequitable result will follow because the individual defendants will be free to, and not deterred from, repeating this same course of conduct.

61. Defendants have profited from its violation of San Joaquin Wine's rights and will continue to profit from it. As a direct and proximate result of Defendants' conduct, San Joaquin Wine has suffered damages in an amount that is not presently ascertainable and that shall be proven at the time of trial.

### FIFTH CLAIM FOR RELIEF

**(California Trade Name Infringement, Cal. Business & Professions Code §§ 14402, 14415 – Against All Defendants)**

62. Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 through 27, 29 through 36, 38 through 43, 45 through 54, and 56 through 61 as though fully set forth herein.

63. San Joaquin Wine filed Articles of Incorporation under the name of San Joaquin Wine Company, Inc. with the California Secretary of State on June 8, 2006, establishing a rebuttable presumption that San Joaquin Wine has the exclusive right to use "San Joaquin Wine Company," or any confusingly similar trade name, as a trade name in California pursuant to Cal. Business & Professions Code section 14415.

64. San Joaquin Wine filed its Articles of Incorporation, on June 8, 2006, prior to Saint Joaquin Wine's Articles of Organization, which were filed on April 22, 2021.

65. Defendants are engaged in a trade or business utilizing a confusingly similar name to San Joaquin Wine's trade name. Defendants' trade or business, marketing and selling wines and hosting wine-related events, is substantially similar to San Joaquin Wine's own trade or business: marketing and selling wines and hosting wine-related events.

66. San Joaquin Wine is therefore entitled to injunctive relief against Defendants pursuant to Cal. Business & Professions Code section 14402 in order to prevent Defendants from utilizing confusingly similar trade names to the trade name utilized by San Joaquin Wine.

//

**PRAYER FOR RELIEF**

**WHEREFORE**, San Joaquin Wine prays for the following:

1. Judgment in favor of San Joaquin Wine on all claims;

2. A preliminary and permanent injunction enjoining and restraining Saint Joaquin Wine, Haley Islas-Wolf, and Josh Wolf against continued infringement of San Joaquin Wine's Marks (15 U.S.C. §§ 1114, 1116);

3. An order an accounting for San Joaquin Wine's damages as a measure of Defendants' profits derived from Defendants' unjust enrichment;

4. Upon San Joaquin Wine's election prior to trial, in lieu of actual damages or profits, an award of statutory damages between $1,000 and $100,000 for Defendants' continued use of an infringing domain name (15 U.S.C. § 1125(d)(1));

5. Reasonable costs and attorney's fees in bringing this action (15 U.S.C. § 1117);

6. Injunctive relief against Defendants and any other remedy to which San Joaquin Wine may be entitled, including all remedies provided for in California Business & Professions Code §§ 14402, 14415, and 17200 *et. seq.*, and under any other California law; and

7. An award to San Joaquin Wine of such other relief as the Court may deem just and proper.

Dated: July 19, 2022                                    FENNEMORE DOWLING AARON

By: _____
Marcus N. DiBuduo
Jared C. Marshall
Matthew Maler

Attorneys for Plaintiff
San Joaquin Wine Company, Inc.